WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Johnson,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Ahtna Technical Services Incorporated,<br><br>　　　　　Defendant. | No. CV-18-00053-PHX-SPL<br><br>**ORDER** |

Plaintiff Linda Johnson (the "Plaintiff") filed suit against defendant Ahtna Technical Services Incorporated (the "Defendant") alleging violations of the Americans with Disabilities Act of 1990 (the "ADA"), the Rehabilitation Act of 1973 (the "Rehabilitation Act"), and Title VII of the Civil Rights Act of 1964 (the "Title VII"). (Doc. 1) The Defendant moved to dismiss counts 2, 4 and 5 (the "Motion") of the Plaintiff's complaint for the claims related to the Rehabilitation Act and Title VII. (Doc. 12) The Court's ruling is as follows.

**I.　Background**

The Plaintiff is a former employee of the Defendant, and she is diabetic. (Doc. 1 at 2) The Plaintiff suffered certain symptoms from diabetes that required her to have frequent access to a restroom. (Doc. 1 at 3) The Plaintiff states that she provided the Defendant with multiple doctor's notes to make the Defendant aware of her need to be assigned to tasks that gave her necessary access to the restroom. (Doc. 1 at 3) The Defendant did not

oblige the Plaintiff's requests and continued to assign her to tasks without regard to her disability. (Doc. 1 at 5)

On January 8, 2018, the Plaintiff initiated this lawsuit (the "Complaint") alleging violations of the ADA, the Rehabilitation Act and Title VII. (Doc. 1) On February 12, 2018, the Defendant filed the Motion seeking dismissal of certain of the Plaintiff's claims. (Doc. 12) The Defendant initially sought to dismiss Counts 2, 4 and 5 of the Complaint, with Counts 2 and 4 arising under the Rehabilitation Act and Count 5 arising under Title VII. The Defendant has withdrawn its Motion as to Count 5. (Doc. 20 at 1) Accordingly, the Court only addresses the Defendant's Motion on Counts 2 and 4.

## II. Legal Standard

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

**III. Analysis**

The Defendant moves to dismiss Counts 2 and 4 of the Complaint arguing that the Plaintiff cannot bring any claims against the Defendant under the Rehabilitation Act because the Defendant does not receive "federal financial assistance" as required by the Rehabilitation Act. The Rehabilitation Act prevents discrimination on the basis of disability by "any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794. The Defendant argues that it does not receive any financial assistance from the federal government, and, therefore, the Plaintiff cannot establish the elements necessary to bring any claim against the Defendant pursuant to the Rehabilitation Act. (Doc. 12 at 4)

In response, the Plaintiff concedes that the Defendant is not receiving any direct financial assistance from the federal government. (Doc. 14 at 6) Instead, the Plaintiff argues that the Defendant's website states that the Defendant participates in the U.S. Small Business Administration's 8(a) Business Development Program (the "SBA"), and that the Defendant's participation in the SBA constitutes an indirect federal benefit to the Defendant that should qualify as federal financial assistance for the purposes of the Rehabilitation Act. (Doc. 14 at 7–8) The Defendant acknowledges past participation in the SBA, but states that it discontinued its involvement in the program in 2010. (Doc. 20 at 2)

The Court finds that the Defendant's involvement in the SBA is not sufficient to subject the Defendant to the Rehabilitation Act. While there is precedent to support the argument that indirect financial assistance may subject a party to the Rehabilitation Act, the Supreme Court of the United States has held that the financial federal assistance portion of the Rehabilitation Act is intended to cover "those who receive the aid, but does not extend as far as those who benefit from it," drawing a line between the recipients of federal financial assistance and those who benefit economically from federal funds. *Castle v. Eurofresh, Inc.*, 2010 WL 797138, at *6 (D. Ariz. Mar. 8, 2010); *Sharer v. Oregon*, 581 F.3d 1176, 1181 (9th Cir. 2009); *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459,

467 (1999). The Court finds that the Defendant's participation in the SBA, while entirely speculative at this point and not addressed in the Complaint, is insufficient to bring the Defendant under the umbrella of the Rehabilitation Act. Furthermore, the Plaintiff's request for discovery on the issue of whether the Defendant received non-monetary assistance through the SBA is improper. The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. *Castle*, 2010 WL 797138 at 6 (*citing Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.1987)).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is granted as to Counts 2 and 4 of the Complaint (Doc. 1).

Dated this 20th day of September, 2018.

Honorable Steven P. Logan
United States District Judge